

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 9:18-CR-30** |
| | § | |
| | § | |
| **JECOREY RAMONE RICHARD** | § | |

**REPORT AND RECOMMENDATION
ON PRO SE MOTION REQUESTING COMPASSIONATE RELEASE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. Pending before the Court for purposes of this report is the defendant Jecorey Ramond Richard's pro se letter motion requesting compassionate release (doc. #41).

**I.   Background**

A.   Procedural History

On August 15, 2018, a federal grand jury indicted the Defendant, Jecorey Ramone Richard, and six co-defendants in a multi-count Indictment.  *See Indictment* (doc. #1).  The Indictment charged Mr. Richard with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)

1

(Count One); possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count Two and Count Four); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three).

On November 15, 2018, Mr. Richard appeared before United States Magistrate Judge Zack Hawthorn to enter a plea of guilty to Count Two of the Indictment pursuant to a plea agreement. On April 10, 2019, the defendant appeared before United States District Judge Ron Clark for sentencing. Judge Clark ultimately sentenced Mr. Richard to 180 months imprisonment to be followed by five (5) years of supervised release. *See Judgment* (doc. #39). Judge Clark ordered that the term of imprisonment run concurrently with any future revocation term imposed in cause number 2017-0331 filed in the 150th District Court of Angelina County, Texas. *Id*. According to information provided by the Government and the Bureau of Prisons (BOP), Mr. Richard's projected release date is March 5, 2031. *See* https://www.bop.gov/inmateloc/ (last checked September 15, 2020).

B.      Defendant's Motion and the Government's Response

In his recent motion, Mr. Richard requests early compassionate release due to chronic health issues. In support, he cites a lack of disciplinary record, maintaining employment while incarcerated, completion of a drug class, and his consideration for a low-risk classification by the BOP. *See Motion* (doc. #41). His letter request also seeks guidance from the Court on further steps to obtain compassionate release. *See id*.

The Government opposes Mr. Richard's request because he has not established that he exhausted administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). *See Response* (doc. #43). The Government further argues that Mr. Richard fails to establish that he qualifies for

compassionate release under the governing statutes and guidelines. *See id*.

## II. Analysis

### A. Compassionate Release

On December 21, 2018, the President signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> "The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i)   extraordinary and compelling reasons warrant such a reduction; or
> (ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a *reduction is consistent with applicable policy statements issued by the Sentencing Commission*[.]"

18 U.S.C. § 3582(c)(1)(A)(i)-(ii) (emphasis added). This provision is commonly referred to as "compassionate release." *See, e.g., United States v. Caruthers*, No. 2:11-763, 2018 WL 1629141, at *1-*2 (S.D. Tex. April 4, 2018).

### B. Failure to Establish Exhaustion of Administrative Remedies

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release

was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3 (S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."); *Caruthers*, at *1 (same). The First Step Act amended Section 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *See United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that a defendant must first exhaust his administrative remedies before seeking relief from the court. *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) ("This section authorizes release after a movant has exhausted his administrative remedies if 'extraordinary and compelling reasons warrant such a reduction.'") (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

In his motion, Defendant states he responded to his "Unit manager as well as the unit team and still [has not received] word from them." *See Motion*, at p. 2. He does not, however, provide the necessary documentation showing that he filed a formal request with the facility where he is being held in the BOP. Under the governing statute, Mr. Richard cannot petition the Court for release until the BOP denies his request *or* he can show that thirty (30) days has passed after he presented his request to the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). This does not preclude him from resubmitting his request to the BOP in the proper manner and re-filing his motion after his administrative remedies are exhausted. At this time, however, he is precluded from presenting his request for release until he exhausts his administrative remedies. The exhaustion provision of the First Step Act is set out in mandatory terms. *See United States v.*

4

*Collins*, No. 04-50170-04, 2020 WL 19229844, at *2 (W.D. La. Apr. 20, 2020). The Court accordingly does not have authority at this time to grant the relief Richard requests. *See id.*

  C. Qualifications for Compassionate Release

Even assuming, *arguendo*, that Defendant had exhausted his administrative remedies as required, the Court concludes that his request should be denied on the merits. An applicant for compassionate release must show the existence of extraordinary and compelling reasons warranting release. In Application Note 1 to Section 1B1.13 of the United States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Mr. Richard is 41 years of age and does not argue that his family is in need of a caregiver. As for his medical conditions, he avers that he is a "chronic care" patient suffering from severe sleep apnea, an enlarged heart, high blood pressure, asthma, chronic bronchitis, and borderline diabetic. *See Motion*, at p. 1. He does not attach medical records but notes that they "are on record and able to be viewable." *Id.*

In response, the Government obtained medical records from the BOP for 2019 and 2020. *See Sealed Exhibits to Response*, doc. # 43-1, #43-2, #43-3. The records show a history of sleep apnea, hypertension, and education on prediabetes. They also indicate dental problems and self-

5

reported symptoms of numbness in the limbs. The Sealed Presentence Investigation Report also confirms a history of severe sleep apnea, self-reported high blood pressure, and heart issues. *See PSR* (doc. #34), at p. 14. There is no evidence, however, that Mr. Richard is unable to receive proper medical care in the BOP for any acute or chronic issues. The Government submitted almost 200 pages of medical records confirming the various treatments received by Mr. Richard for his medical issues while in the BOP. The records also do not show that he is suffering from a terminal illness or a medical condition rendering him unable to provide self-care while confined. *See* U.S.S.G. 1B1.13, cmt. N.1(A) (setting forth circumstances supporting sentence reduction based on medical condition). The Court concludes that his request fails to establish "extraordinary and compelling" reasons justifying a sentence reduction and compassionate release as required by Section 3582(c)(1)(A)(i). There is no evidence to support that any of the requisite categories supporting compassionate release exist in Mr. Richard's case.

Furthermore, even if Defendant had presented some arguable basis for compassionate release, there still must be a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Richard's criminal history weighs against a finding of release. He has numerous controlled substance convictions and prior revocations of probation. *See PSR*, at pp. 7-11. Although he has exhibited the ability to maintain work while incarcerated in the BOP, his prior history shows a penchant for the disregard of law and conditions of release. He has served only approximately eighteen (18) months of a 180 month sentence for the serious crime of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), a Class A felony. Given this history and Richard's background of recidivism, the Court finds that he presents a danger to the

community to the extent that early compassionate release is not warranted.

This background and criminal history also justify maintaining his current sentence as opposed to early release. *See United States v. Hunt*, No. 6:14-CR-0023-01, 2020 WL 1493042, at *2-*3 (W.D. La. Feb. 19, 2020); *report and recommendation adopted*, No. 6:14-CR-00203-01, 2020 WL 1492683 (W.D. La. Mar. 26, 2020). As noted above, Section 3852(c)(1)(A) obligates the Court to consider the sentencing factors, enumerated in 18 U.S.C. § 3553(a), including the history and characteristics of the offender. *See id.; see also* 18 U.S.C. § 3553(a)(1). As noted, Mr. Richard pled guilty to a serious crime charged by the Controlled Substances Act - conspiracy to distribute methamphetamine. Defendant's history of similar offenses suggests that an early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence of future criminal conduct, or protect the public from further crimes. *See Hunt*, at *4. Taking the original sentence imposed into context along with his criminal history, the Court concludes that the original sentence should remain intact as imposed by the District Court.

Moreover, any generalized concerns about COVID-19 expressed by the Defendant do not establish that the BOP cannot manage any outbreak that may occur within his correctional facility or that the facility is specifically unable to treat him if he contracted the virus and developed COVID-19 symptoms while incarcerated. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1,

2020) (finding the defendant had failed to present extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A]s defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. §1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).")[1].

### III. Conclusion and Recommendation

Accordingly, based on the findings and legal conclusions stated above, the undersigned recommends that the District Court **deny** Defendant Jecorey Ramone Richard's letter motion requesting compassionate release (doc. #41) at this time.

### IV. Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79

---

[1] In fact, the BOP has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures in response to COVID-19. *See United States v. Collins*, No. 04-50170-04, 2020 WL 1929844, at *3 (W.D. La. April 4, 2020) (citing CARES Act, Pub. L. No. 116-136, and March 26, 2020, Memorandum to the BOP by Attorney General Barr).

F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 16th day of September, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE